LOUIS BADEAU, Appellee, v. ROMALDO BACA, Appellant.

*January 10, 1882.*

JUDGMENT.    (1)   *When not set aside as being against evidence.*

1. A judgment will not be set aside by the supreme court upon the ground of the insufficiency of the evidence to sustain the verdict of the jury when the lower court has refused to do so, unless there is such a decided preponderance of evidence against it, as to create a conviction that it was the result of mistake or misconduct on the part of the jury.

Appeal from District Court of San Miguel county.

This is an action of assumpsit, brought by Louis Badeau, appellee and plaintiff below, against Romaldo Baca, appellant and defendant below in the district court for the county of San Miguel, New Mexico, to recover the sum of $3,572.94. The jury found for the plaintiff below and assessed his damages at $1,225.79. The defendant below moved for a new trial, which was refused by the court, whereupon the defendant below prayed an appeal to this court, which was granted.

*Prichard & Sena,* for appellant.

We submit to the court that in this case there was not sufficient evidence upon the part of the appellee in the court below to entitle him to a judgment for any sum whatever. The verdict was against the weight of evidence, and there can be no question a verdict of this character should be set aside, and the court below erred in not doing so. See *Mum-*

*ford v. Smith*, 1 Caines, 520; *Gordon v. Crooks*, 11 Ill., 142; *Lyle v. Robbins*, 25 Cal., 437; *Cox v. Hamilton*, 24 Texas, 777; *Bronde v. Wilson*, 12 Florida, 543; *Wells v. Lewis*, 28 Texas, 185. See Hilliard on New Trials, page 444, and other authorities there cited. See *Tilly v. Spalding*, 44 Ill., 80.

*Fiske & Warren*, for appellee.

The only errors alleged are that the court below erred in not setting aside the verdict of the jury, because, " the verdict was against the weight of evidence and against the evidence," and because—

" Taking the evidence as a whole, there was nothing offered upon which a jury could find the verdict which they did."

Some of the authorities cited in brief for appellant we are unable to find, but of those cited which we have found and examined, we submit:

*First.* That *Lyle v. Robbins*, 25 Cal., 487, 490, does not support the position of appellants, and besides, the decision in that case was governed by a special statute of the state of California, quoted from on page 490 of 25th Cal. report, by which it appears one of the grounds for granting a new trial in that case, is, " insufficiency of the evidence to justify the verdict."

*Second.* Hilliard on New Trials, p. 444, simply sets out and treats of when a verdict may be set aside in the discretion of the court below, not of whether, for the reasons given, it would be error for such a court to refuse to grant a new trial for such reasons.

*Third.* *McCarroll v. Stafford*, 24 Ark., 224, 228, is an authority for appellee and not for appellant. The decision on page 228 substantially agrees with that of the supreme court of New Mexico in *Territory of N. M. v. Webb*, Jan-Term, 1881.

PARKS, Associate Justice:   This was an action in assump-
sit, in the district court of San Miguel county, in which the
plaintiff recovered a judgment for $1,225.79 on an account
of $3,572.94.   Defendant moved for a new trial, which
motion was overruled and the case was brought here by
appeal.

In the argument before this court, both parties seemed to
rest the case upon the question whether there was sufficient
evidence before the district court to sustain the verdict of
the jury, and in this view we agree with them.

Various authorities are cited in the briefs of the attorneys
as to the law of the case.   We are referred on both sides to
the case of *McCarrol et al., Ads., v. Stafford*, 24 Ark., 228.
In that case the court say:   " The familiar and well estab-
lished rule is that this court will not reverse the decision of
the circuit court for having refused to grant a new trial upon
a mere question of the weight or preponderance of the evi-
dence, but only in cases where they find without evidence, or
directly contrary to evidence, unless in extreme cases, where
the verdict is so palpably contrary to evidence as to shock
our sense of right and justice."   In Hilliard on New Trials
the rule is deduced from a large number of authorities " that
a verdict will not be set aside unless clearly, palpably, decid-
edly and strongly against the evidence, or so much against
the weight of evidence, as on the first blush of it, to shock
the sense of justice, or unless there has been a flagrant abuse
of discretion, that courts will never, in the absence of the
most satisfactory evidence that the verdict is erroneous, sub-
stitute their impressions for the opinion of the jury."

It is held in Ohio that "a mere difference of opinion
between the court and jury does not warrant the former in
setting said the finding of the latter.   That would be, in
effect, to abolish the institution of juries, and substitute the
court to try all questions of fact."   In Illinois the decisions
are numerous upon the subject of new trials.   In *Har-*

Badeau v. Baca.

*ris v. Hoopner*, 44 Ill., 307, it is said the court never interfere to reverse a judgment because the verdict is not supported by the evidence, except in a clear case, never where there is no more than a doubt of the correctness of the finding.

The *Territory of New Mexico v. Webb*, *ante*, p. 147, decided at the last term of this court, was a much stronger appeal to this court to reverse the district court than the present case, and yet the court refused to do so. The rule applicable to the present case, is, perhaps, as briefly, clearly and correctly stated in Nevada as in any authority to which we have been referred. It is that " a verdict will not be set aside by the appellate court upon the ground of the insufficiency of the evidence to sustain it, when the lower court has refused to do so, unless there is such a decided preponderance of evidence against it as to create a conviction that it was the result of mistake or misconduct on the part of the jury." As to the evidence in this case, it is not material to determine whether all that was admitted by the court was competent. The testimony of the plaintiff himself shows an indebtedness greater than the amount found by the jury, and is supported by other evidence. Taking all the evidence of both parties, which was competent, the preponderance may or may not be in favor of the defendant. But we cannot say the district court erred in refusing to set aside the verdict of the jury and grant a new trial. Still less can we say that that court so far abused its discretion as to require this court to reverse its judgment. The objection that the record shows expressly that an important part of the evidence is omitted from the bill of exceptions was not insisted upon, and may briefly be disposed of. This court, in *Rosenthal v. Chisum*, 1 Gildersleeve, p. 633, has given its opinion of what is necessary to constitute a correct and proper bill of exceptions, and need not repeat it here.

The judgment of the district court is affirmed.

All concur.